UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.

STANAN, INC.,

Plaintiff,

**COMPLAINT**

-against-

MT. HAWLEY INSURANCE COMPANY and
RENAISSANCE RE SYNDICATE 1458 LLOYD'S,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiff, STANAN, INC. ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MT. HAWLEY INSURANCE COMPANY and RENAISSANCE RE SYNDICATE 1458 LLOYD'S ("Defendants"), and alleges as follows:

**PARTY ALLEGATIONS**

1. Plaintiff is a Corporation, duly licensed, incorporated, has offices, and does business, and/or maintains agents for the transaction of its customary business in the State of New Jersey.

2. Defendant Mt. Hawley Insurance Company is a Corporation duly licensed, incorporated in Delaware, has offices, and does business, and/or maintains agents for the transaction of its customary business in the State of Illinois.

3. Defendant Renaissance Re Syndicate 1458 Lloyd's is a Corporation duly licensed, incorporated, has offices, and does business, and/or maintains agents for the transaction of its customary business in the Country of Bermuda.

**ALLEGATIONS APPLICABLE AS TO SUBJECT MATTER JURISDICTION**

4. Diversity of citizenship exists because Plaintiff is a New Jersey Corporation while the Defendants are duly licensed Corporations who have offices, principal places of business and/or agents in Delaware, Illinois, Bermuda, and England.

5. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**ALLEGATIONS APPLICABLE TO VENUE**

7. Venue is proper in this Court pursuant to the Defendants' insurance policy provision in which the Plaintiff agreed under the Legal Actions Conditions Endorsement that, "It is agreed that in the event of the failure of the Company [Defendants] to pay any amount claimed to be due hereunder, and Named Insured... shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York..."

**ALLEGATIONS COMMON TO ALL COUNTS**

8. At all material times hereto, Defendants issued an insurance policy, identified by policy number, MPC0604477 (the "Policy") to Plaintiff. *A true and correct copy of the Policy is attached hereto as* ***"Exhibit A"***.

9. In consideration for the premiums paid to Defendant, on and prior to September 28, 2022, the Policy provided insurance coverage for a commercial property located at or around 24440 Sandhill Blvd, Port Charlotte, FL 33983.

10. At all times material hereto, Plaintiff owned the property insured by Defendants.

11. The policy of insurance written by Defendants was issued to Plaintiff in Charlotte County, Florida.

12. The Policy issued by Defendants provides coverage to the property in the event of a covered loss.

13. The Policy issued by Defendants provides coverage to the property in the event a hurricane causes damage to the property.

14. At all times material hereto, including on September 28, 2022, the date of loss, the Policy was in full force and effect.

15. At all times prior to September 28, 2022, and during the effective Policy period, Defendants collected and retained insurance premium payments from Plaintiff.

16. All conditions precedent to filing this action, including but not limited to compliance with all obligations of an insured under Florida Statute 627.70152, have been complied with, met, or waived.

17. All conditions precedent to filing this action, including but not limited to compliance with all obligations by Plaintiff have been complied with, met, or waived.

**COUNT I – BREACH OF CONTRACT**

Plaintiff realleges and readopts paragraphs 1-17 as if fully stated herein, and further alleges as follows:

18. This is a cause of action for breach of contract arising out of the Policy that was in effect at the time of loss to the Plaintiff's property.

19. Pursuant to the Policy, Defendants are responsible for payment of all amounts due and owing under the terms and conditions of the Policy in the event of a covered loss.

20. On or about September 28, 2022, the property was damaged by a covered related hurricane (the "Loss").

21. The Loss caused the Plaintiff to suffer economic damage to the property, including physical loss to the dwellings.

22. Plaintiff gave timely notice of the Loss and resulting damage to Defendants and/or their authorized agents, employees, or representatives.

23. Defendants responded to the Loss by assigning claim number 00515896 (the "Claim").

24. Defendants were afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

25. In response to the reported Loss, Defendants conducted and completed an inspection of the Property.

26. Defendants' inspection of the Property and reported Loss evidenced covered damages totaling $497,841.42.

27. Defendants did not contest the cause of Loss or origin of said Loss as reflected in its coverage determination and estimate of damages.

28. Defendants' inspection of the Property and reported Loss severely undervalued the damages sustained to the Property.

29. For instance, Defendants specifically ignored damages that were caused by the Loss, specifically undervalued the damages caused by the Loss, and failed to adequately compensate Plaintiff for their business interruption losses without any reasonable or arguable basis.

30. Even when presented with evidence of damages to the Property caused by the Loss, Defendants ignored it, and continued to refuse to issue full and fair payments to the Plaintiff to return the Property to a pre-loss condition.

31. Defendants breached the Policy by failing to pay the actual cash value of the Loss.

32. Defendants breached the Policy by failing to pay the replacement cost value of the Loss.

33. Defendants breached the Policy by failing to return the Property to its pre-loss condition.

34. Defendants breached the Policy by failing to perform its contractual obligations and remit full payment owed under the Policy to Plaintiff.

35. Defendants breached the Policy by failing to perform its contractual obligations and remit full payment owed under the business interruption portion of the Policy to Plaintiff.

36. Defendants' breach deprived Plaintiff of the expected benefits of being paid for the cost necessary to return the Property to its pre-loss condition.

37. Therefore, Defendants violated Fla. Stat. Section 627.7011 for not paying the actual cash value of the loss.

38. Plaintiff has been damaged as a result of Defendants' breach in the form of insurance benefits due and owing, plus interest, costs, and attorney's fees.

39. The Plaintiff has complied with and performed all conditions precedent to recovery under the Policy and to the bringing of the instant action and is otherwise in compliant with all duties imposed upon them under the subject insurance Policy for payment of the claim, and/or such duties, obligations and conditions have been waived or excused by Defendants' actions and/or inactions, prior to the bringing of this action.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has been obligated to retain the undersigned attorney to bring this action and is entitled to reasonable costs and attorney fees pursuant to any and all applicable Statutes.

**WHEREFORE**, Plaintiff, STANAN, INC., demands judgment against Defendants, MT. HAWLEY INSURANCE COMPANY and RENAISSANCE RE SYNDICATE 1458 LLOYD'S, for damages for all amounts owed under the Policy pursuant to the reported Claim, plus interest

on any and all overdue payments, costs, statutory attorney's fees and any other remedy the court deems necessary and proper, and further demands trial by jury of all issues triable as of right.

**DEMAND FOR JURY TRIAL**

Plaintiff herein demands a trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

This Complaint is dated and signed on May 23, 2024, and was filed by:

JT LAW FIRM, PA
Attorney for Plaintiff
395 Ave X, 2nd Floor
Brooklyn, NY 112223
855-585-2997
Service of pleadings: info@jtlawfirm.net

BY: /s/ *John Tolley*_______
John Tolley, Esq.
Fla. Bar No. 112223
NY Reg. No. 5788161