UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STANAN, INC.,
Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY and RENAISSANCE RE SYNDICATE 1458 LLOYD'S

Defendants.
--------------------------------------------------------------x

Case No. 1:24-cv-03975

**DEFENDANTS' ANSWER**
**AND AFFIRMATIVE DEFENSES**

Defendants Mt. Hawley Insurance Company ("Mt. Hawley") and Renaissance Re Syndicate 1458 Lloyds ("RenRe") (collectively, "Defendants") file this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint").

**PARTY ALLEGATIONS**

1. Responding to Paragraph 1 of the Complaint, Defendants admit that Plaintiff is a corporation incorporated in the State of New Jersey. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations therein but for purposes of jurisdiction do not dispute that Plaintiff's principal place of business is located in the State of New Jersey.

2. Responding to Paragraph 2 of the Complaint, Defendants deny that Mt. Hawley is incorporated in Delaware. Defendants admit that Mt. Hawley is an Illinois corporation and that its principal place of business is in Illinois. Defendants deny all remaining allegations in Paragraph 2 of the Complaint. Otherwise, denied.

3. Responding to Paragraph 3 of the Complaint, Defendants admit that RenRe is a Lloyd's syndicate with a single member that has underwritten a proportion of the total liability of

the subject insurance policy. RenRe's single member is Renaissance Re Corporate Capital (UK) Limited. The parent entity and sole owner (*i.e.*, shareholder or member) of Renaissance Re Corporate Capital (UK) Limited is Renaissance Reinsurance Ltd. The parent entity and sole owner of Renaissance Reinsurance Ltd. is RenRe Insurance Holdings Ltd. The parent entity and sole owner of RenRe Insurance Holdings Ltd is RenaissanceRe Specialty Holdings (UK) Limited. The parent entity and sole owner of RenaissanceRe Specialty Holdings (UK) Limited is RenaissanceRe Holdings Ltd., which is a publicly traded corporation on the New York Stock Exchange. RenaissanceRe Holdings Ltd. is incorporated in the country of Bermuda and its principal place of business is in Bermuda. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

**ALLEGATIONS APPLICABLE AS TO SUBJECT MATTER JURISDICTION**

4. Responding to Paragraph 4 of the Complaint, Defendants admit that diversity of citizenship exists in this case because complete diversity exists between Plaintiff and Defendants. Defendants admit that Plaintiff is considered to be a citizen of the State of New Jersey and that the Defendants are not considered to be citizens of the State of New Jersey. Defendants are considered citizens of the State of Illinois and the country of Bermuda based on the information stated in the paragraphs above. The remaining allegations of Paragraph 4 are denied.

5. Responding to Paragraph 5 of the Complaint, Defendants admit that the amount in controversy exceeds the sum or value of $75,000 as Plaintiff's demand is in excess of $75,000.

6. Responding to Paragraph 6 of the Complaint, Defendants admit that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## ALLEGATIONS APPLICABLE TO VENUE

7. Responding to Paragraph 7 of the Complaint, Defendants admit the allegations in Paragraph 7 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Responding to Paragraph 98 of the Complaint, Defendants admit that Mt. Hawley and RenRe issued a Commercial Property Policy (the "Policy") to Plaintiff, Policy No. MPC0604477, but otherwise deny the remaining allegations contained in paragraph 8 of the Complaint. Defendants will provide a certified copy of the Policy in this suit.

9. Responding to Paragraph 9 of the Complaint, Defendants admit that the Policy provides commercial property insurance with a Policy period from August 15, 2022, to August 15, 2023, and that, subject to all terms, conditions, limitations, and exclusions therein, the Policy provides coverage for direct physical loss of or damage to Covered Property from a Covered Cause of Loss commencing during the Policy Period. Defendants further admit that 24440 Sandhill Blvd., Port Charlotte, FL 33983 is listed as the Covered Location. Otherwise, denied.

10. Responding to Paragraph 10 of the Complaint, Defendants admit that Plaintiff is the named insured under the Policy during the Policy period and that the Covered Location is as stated in the preceding paragraph. Defendants are without knowledge or information sufficient to admit or deny the allegation that "at all times material hereto, Plaintiff owned the property." Therefore, the allegation is denied.

11. Responding to Paragraph 11 of the Complaint, Defendants admit that Plaintiff's mailing address in the Policy is in Port Charlotte, Florida, which is in Charlotte County, and that AmWins Brokerage of Florida, 1227 S. Patrick Drive, Suite 101, Satellite Beach, Florida

(Brevard County) is listed as the broker for the Policy. Defendants otherwise deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Responding to Paragraph 12 of the Complaint, Defendants admit that the Policy provides commercial property insurance with a Policy period from August 15, 2022, to August 15, 2023, and that, subject to all terms, conditions, limitations, and exclusions therein, the Policy provides coverage for direct physical loss of or damage to Covered Property from a Covered Cause of Loss commencing during the Policy Period. Defendants further admit that 24440 Sandhill Blvd., Port Charlotte, FL 33983 is listed as the Covered Location and otherwise deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Responding to Paragraph 13 of the Complaint, Defendants admit that the Policy provides commercial property insurance with a Policy period from August 15, 2022, to August 15, 2023, and that, subject to all terms, conditions, limitations, and exclusions therein, the Policy provides coverage for direct physical loss of or damage to Covered Property from a Covered Cause of Loss commencing during the Policy Period. Defendants further admit that 24440 Sandhill Blvd., Port Charlotte, FL 33983 is listed as the Covered Location and otherwise deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Responding to Paragraph 14 of the Complaint, Defendants admit that the Policy was in effect on September 28, 2022, and had not been cancelled inclusive of September 28, 2022. Otherwise, denied.

15. Responding to Paragraph 15 of the Complaint, Defendants admit that Mt. Hawley and RenRe collected and retained insurance premium payment from Plaintiff in connection with the effective policy period. Otherwise, denied.

16. Responding to Paragraph 16 of the Complaint, Defendants deny that Florida Law applies to this action and deny the allegations contained in Paragraph 16 of the Complaint.

17. Responding to Paragraph 17 of the Complaint, Defendants deny the allegations in Paragraph 17 of the Complaint.

**COUNT I – BREACH OF CONTRACT**

Defendants reallege and readopt paragraphs 1-17 as if fully stated herein.

18. Responding to Paragraph 18 of the Complaint, Defendants admit that Plaintiff is asserting a breach of contract claim based on the Policy and Defendants incorporate by reference the allegations in Paragraph 14, above. Otherwise, denied.

19. Responding to Paragraph 19 of the Complaint, Defendants admit that the Policy provides commercial property insurance with a Policy period from August 15, 2022, to August 15, 2023, and that, subject to all terms, conditions, limitations, and exclusions therein, the Policy provides coverage for direct physical loss of or damage to Covered Property from a Covered Cause of Loss commencing during the Policy Period. Defendants further admit that Mt. Hawley and RenRe are responsible under the terms, conditions, limitations, and exclusions of the Policy in proportion to the Pro Rata Shares Applicable to this Combination Policy provision in the Policy's Declarations. Defendants deny that any amount is due and owing under the Policy by any Defendant, and deny the remaining allegations in Paragraph 19 of the Complaint.

20. Responding to Paragraph 20 of the Complaint, Defendants admit that the property sustained certain damage on September 28, 2022, from a hurricane and that certain damage was covered under the Policy. Defendants deny that all damage claimed by Plaintiff or existing at the property was caused by the September 28, 2022, hurricane, deny that all damage claimed by Plaintiff or existing at the property is covered by the Policy, and deny the remaining allegations

in Paragraph 20 of the Complaint. To the extent the purported definition of "Loss" includes damage claimed by Plaintiff that was pre-existing at the time of the hurricane, not caused by the hurricane, or not covered by the terms, conditions, limitations, and exclusions of the Policy, which is the case with respect to certain damages claimed by Plaintiff, the definition of that term is denied.

21. Responding to Paragraph 21 of the Complaint, Defendants admit that the hotel property in question sustained some covered damage for which Mt. Hawley issued payment to Plaintiff, and deny the remaining allegations in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, Defendants admit that Plaintiff provided to Defendants timely notice of damage to the property following the hurricane. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Responding to Paragraph 23 of the Complaint, Defendants admit that Defendants assigned claim number 00515896 to the claim. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24. Responding to Paragraph 24 of the Complaint, Defendants admit that Defendants were provided access to the property for purposes of inspection of the property and the reported damage, to investigate damage, and quantify the amount of covered damage under the Policy. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Responding to Paragraph 25 of the Complaint, Defendants admit that representatives and consultants of Defendants conducted and completed inspections of the property after receiving notice of claimed hurricane damage. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Responding to Paragraph 26 of the Complaint, Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Responding to Paragraph 27 of the Complaint, Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Responding to Paragraph 28 of the Complaint, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Responding to Paragraph 29 of the Complaint, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Responding to Paragraph 30 of the Complaint, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Responding to Paragraph 31 of the Complaint, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Responding to Paragraph 32 of the Complaint, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Responding to Paragraph 33 of the Complaint, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Responding to Paragraph 34 of the Complaint, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Responding to Paragraph 35 of the Complaint, Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Responding to Paragraph 36 of the Complaint, Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Responding to Paragraph 37 of the Complaint, Defendants deny that Florida law applies to this dispute and deny the allegations in Paragraph 37 of the Complaint.

38. Responding to Paragraph 38 of the Complaint, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Responding to Paragraph 39 of the Complaint, Defendants deny the allegations in Paragraph 39 of the Complaint. Defendants further incorporate by reference the conditions, terms, limitations, and exclusions contained in the Policy, including as set forth below in affirmative defenses.

40. Responding to Paragraph 40 of the Complaint, Defendants deny the allegations in Paragraph 40 of the Complaint and state that the Policy's Legal Actions Conditions Endorsement provides that New York Law applies to all matters relating to the validity, interpretation, performance and enforcement of the Policy and that Plaintiff is not entitled to recover attorney's fees.

Responding to the "Wherefore" paragraph following Paragraph 40 in the Complaint, the allegation is a request for relief to which no response is required. Defendants deny that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Policy contains the following endorsement that requires any litigation commenced by Plaintiff against Mt. Hawley be initiated in New York and decided under New York law:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

> This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy:
>
> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the

> State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

*See* Policy, **LEGAL ACTION CONDITIONS ENDORSEMENT** (emphasis added). New York law applies, and Plaintiff's Complaint seeks damages that are not recoverable under New York law.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims herein are subject to all coverage limits and sub-limits as provided in the Policy, including those contained in the **SPECIFIED LIMITS ENDORSEMENT**, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM,BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM, CAUSES OF LOSS – SPECIAL FORM**, , and other limits as provided in the Policy. Additionally, the Policy contains a 5% of the Total Insurable Values Per Location deductible subject to a minimum of $100,000 per Occurrence for Windstorm or Hail. **DECLARATIONS – DEDUCTIBLE ADDENDUM.**

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

The Policy provides coverage, subject to all terms, conditions, limitations, and exclusions, for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **A. Coverage**. The Policy only covers loss that commences during the Policy Period and exceeds the Policy deductible. *See* Policy, **COMMERCIAL PROPERTY**

**CONDITIONS**, **H. Policy Period, Coverage Territory; BUSINESS AND PERSONAL PROPERTY COVERAGE FORM, D. Deductible**. Mt. Hawley diligently and thoroughly investigated the reported loss and determined the damages covered by the Policy. Plaintiff is not entitled to further payment under the Policy.

**FOURTH AFFIRMATIVE DEFENSE**

The Policy provides coverage, subject to all terms, conditions, limitations, and exclusions, for actual loss of Business Income, as defined by the Policy, and Extra Expense incurred, also as defined by the Policy, which is caused by direct physical loss of or damage to the Property by a Covered Cause of Loss. *See* Policy, **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM, A. Coverage**. The Coverage Form sets forth the method of calculating the Business Income and Extra Expense and the period for which coverage is provided. **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM, A. Coverage, 1. Business Income, 2. Extra Expense, & C. Loss Conditions, 3. Loss Determination**. The Policy also requires as conditions of coverage that the insured take all reasonable steps to protect the Covered Property from further damage, as often as may be reasonably required permit us to inspect the property proving the loss or damage and examine your books and records, send us a signed, sworn proof of loss containing the information we request to investigate the claim within 60 days of our request, cooperate with us in the investigation or settlement of the claim, and resume all or part of your "operations" as quickly as possible if you intend to continue your business. *See* **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**, **C. Loss Conditions**, **2.a. (4)**, **(5)**, **(6)**, **(7)**, and **(8)**. The Policy also excludes coverage for consequential loss under the Business Income (And Extra Expense) coverage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions**,

**4.a.(5)**. Mt. Hawley diligently and thoroughly investigated the reported loss and determined the damages covered by the Policy. Plaintiff is not entitled to further payment under the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

The Policy only covers loss that commences during the Policy Period and does not cover pre-existing damage. *See* **COMMERCIAL PROPERTY CONDITIONS**, **H. Policy Period, Coverage Territory; PRE-EXISTING DAMAGE EXCLUSION.** Mt. Hawley diligently and thoroughly investigated the reported loss based on the information provided to it after the notice of loss. It was determined that damage existed that was not caused by the hurricane or covered by the Policy and the property showed long-term damage.

**SIXTH AFFIRMATIVE DEFENSE**

The Policy contains a 90% coinsurance requirement with respect to the Building and Business Personal Property coverage. **SPECIFIED LIMITS ENDORSEMENT.** The Policy does not pay the full amount of any loss if the value of the Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property. Instead, the Policy then provides the method for determining the most that will be paid. **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, F. Additional Conditions, 1. Coinsurance.** A coinsurance penalty applies as related and calculated in prior correspondence based on the $225,000 coverage limit for business personal property and the significantly greater replacement cost basis of total contents inventory. See the January 23, 2023, correspondence from Mt. Hawley's General Claims Adjuster David Comer to Worldclaim Global Claims Management Attn: Russell Heath for more detail.

**SEVENTH AFFIRMATIVE DEFENSE**

The Policy does not cover damage to the interior of the Property caused by, among other things, rain unless the property first sustains covered damage to its roof or walls through which the rain enters. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **C. Limitations, 1.c**, as modified by the **AMENDED LIMITATIONS ENDORSEMENT**, **CPRC 2320**. However, no loss or damage is paid if caused in whole or in part, directly or indirectly by, resulting from, contributed to or made worse by, or in connection with, any of the listed causes of loss, regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The causes of loss are listed in the endorsement and include such causes as wet or dry rot, wear and tear, rust, corrosion, decay deterioration, defects, settling, cracking, shrinking or expansion, and faulty or inadequate design, repair, construction and maintenance. **AMENDED LIMITATIONS ENDORSEMENT.** Mt. Hawley's claim investigation determined that a portion of the claimed interior water damage was covered and a portion was not the result of storm-created openings in the roof or exterior walls of the Property. Further, excluded causes of loss existed. As such, there is no coverage for the claimed interior water damage that was not paid under the Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

The Policy excludes loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B. Exclusions**, **2.f.** Mt. Hawley's claim investigation determined that the Property displayed evidence of long-term leaks, for which there is no coverage under the Policy.

## NINTH AFFIRMATIVE DEFENSE

The Policy excludes loss or damage caused by or resulting from, among other things, wear and tear, decay, deterioration, settling, cracking, shrinking or expansion. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions, 2.d.(1)-(4)**. Mt. Hawley's claim investigation determined that certain claimed damage to the Property was caused by one or more of these excluded causes. There is no coverage for such damage under the Policy.

## TENTH AFFIRMATIVE DEFENSE

The Policy excludes loss or damage caused by or resulting from faulty, inadequate, or defective design, construction, repairs, maintenance, or materials used in repair. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions, 3.c.(1)-(4)**. There is no coverage for such damage under the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

The Policy excludes loss or damage caused directly or indirectly by the presence, growth, proliferation, spread or any activity of "fungus" (as defined in the Policy), wet or dry rot or bacteria. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions**, **1.h.** Limited additional coverage is provided for "fungus", wet and dry rot and bacteria as provided in the CAUSES OF LOSS – SPECIAL FORM, E. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot and Bacteria where the result of a "specified cause of loss" other than fire or lightning and the terms for the coverage are satisfied. The additional coverage is limited to $15,000 and, for Business Income and Extra Expense Coverage, is limited to loss or expense sustained in not more than 30 days as provided in the Policy. **CAUSES OF LOSS – SPECIAL FORM, E. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot and Bacteria.**

**TWELFTH AFFIRMATIVE DEFENSE**

The Policy excludes any loss caused by Plaintiff's neglect to use all reasonable means to save and preserve Covered Property from further damage at and after the time of loss. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B. Exclusions, 2.m.** The Policy also requires as conditions of coverage that the insured take all reasonable steps to protect the Covered Property from further damage, at our request give us complete inventories of the damaged and undamaged property, as often as may be reasonably required permit us to inspect the property proving the loss or damage and examine your books and records, send us a signed, sworn proof of loss containing the information we request to investigate the claim within 60 days of our request, and cooperate with us in the investigation or settlement of the claim. *See* **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **E. Loss Conditions**, **3.a. (4)**, (5), (6), (7), and (8). The Policy also excludes loss or damage caused by or resulting from acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body. **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions**, **3.b.** The Policy excludes loss or damage caused directly or indirectly by the failure of power, communication, water or other utility service supplied to the Property if the failure originates away from the Property or involves equipment used to supply the utility service to the Property from a source away from the Property. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions**, **1.e.**

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Policy does not provide replacement cost coverage unless and until lost or damaged property is actually repaired or replaced, and unless such repairs or replacement are made as soon as reasonably possible, and as further limited in the replacement cost coverage. *See* Policy,

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **G. Optional Coverages, 3. Replacement Cost, d.(1)-(2), (e), (f).** To the extent lost or damaged property is not repaired or replaced, or the repairs or replacement are not made as soon as reasonably possible, replacement costs are unavailable.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

The Policy excludes any increase in loss caused by or resulting from delay, including in repair or rebuilding. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B. Exclusions, 2.b.** There can be no coverage under the Policy for any claim of increased loss resulting from delay in repairing any alleged damage.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims herein are subject to all terms, conditions, limitations, exclusions, and endorsements as provided in the Policy, including the **SEVERAL LIABILITY CLAUSE** endorsement.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims herein are subject to all terms, conditions, limitations, exclusions, and endorsements as provided in the Policy, including the **SANCTION LIMITATION AND EXCLUSION CLAUSE** endorsement.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims herein are subject to all terms, conditions, limitations, exclusions, and endorsements as provided in the Policy, including the **ASSIGNMENT OF CLAIM BENEFITS** endorsement.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims herein are subject to all terms, conditions, limitations, exclusions, and endorsements as provided in the Policy, including the **ACTUAL CASH VALUE FOR ROOF SURFACING** endorsement.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims herein are subject to all terms, conditions, limitations, exclusions, and endorsements as provided in the Policy, including the **LIMITATION OF LIABILITY ENDORSEMENT**.

**TWENTIETH AFFIRMATIVE DEFENSE**

Mt. Hawley made prior payments to Plaintiff. These include a $250,000 advance payment, a payment of $464,803.71 for mitigation and building damages, $33,037.71 for the actual cash value of business personal property damage after application of the coinsurance penalty, and $175,000.02 for the actual loss sustained during the period of restoration. See the June 7, 2023, correspondence from Mt. Hawley's General Claims Adjuster David Comer to Townsend Law Attn: Andrew York for more detail. As reflected in prior correspondence, the payments reflect an overpayment of $226,380.28, which offsets any claimed recovery.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits from Mt. Hawley. Mt. Hawley and its employees, agents, representatives, and adjusters exercised good faith and are entitled to value claims differently from Mt. Hawley's policyholders without facing bad faith or extra-contractual liability. Mt. Hawley would show that a bona fide controversy existed regarding the scope of any allegedly covered loss, the value

of such loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

All coverage position letters issued by Mt. Hawley to Plaintiff were valid, reasonable, and proper and are incorporated herein by reference.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Mt. Hawley invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution, and any limitations and conditions provided by law.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted and has failed to state a cause of action and/or right of action against Defendant.

WHEREFORE, Defendants Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's pray that Stanan, Inc. take nothing by way of its Complaint and for such other and further relief to which Defendants are entitled.

Dated: New York, New York
June 24, 2024

**CHARTWELL LAW**

By: Matthew Kraus (MK0621)
One Battery Park Plaza, 7th floor
New York, New York 10004
(212) 968-2300
mkraus@chartwelllaw.com

*Attorneys for Defendants*
*Mt. Hawley Insurance Company and*
*Renaissance Re Syndicate 1458 Lloyd's*