UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANAN, INC.,
Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY and
RENAISSANCE RE SYNDICATE 1458 LLOYD'S

Defendants.

Case No. 1:24-cv-03975

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Greg K. Winslett (admitted *pro hac vice*)
Richard L. Smith, Jr. (admitted *pro hac vice*)
Quilling Selander Lownds
Winslett & Moser PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
gwinslett@qslwm.com
rsmith@qslwm.com

Matthew Kraus (MK0621)
**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004
mkraus@chartwelllaw.com

**ATTORNEYS FOR DEFENDANTS MT. HAWLEY INSURANCE COMPANY AND RENAISSANCE RE SYNDICATE 1458 LLOYD'S**

Defendants Mt. Hawley Insurance Company ("Mt. Hawley") and Renaissance Re Syndicate 1458 Lloyds ("RenRe") (collectively, "Defendants") file this Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

**A. Summary of Response**

This is a first party property insurance dispute. As in virtually every insurance coverage case like this, Defendants have asserted specific provisions of the insurance policy at issued as affirmative defenses. These provisions define Defendant's obligations under the policy and/or limit or exclude coverage. Plaintiff's Motion to Strike these affirmative defenses should be denied because it is directly contrary to applicable law and totally fails to satisfy the very demanding requirements for a motion to strike under Federal Rule of Civil Procedure 12(f).

**B. Applicable Law**

"Motions to strike affirmative defenses under Rule 12(f) are disfavored, and the standard for a plaintiff to prevail is demanding." *Shunock v. Apple, Inc.*__F.Supp.3d__, 2024WL3090166, at *3 (S.D.N.Y. June 21, 2024) (quoting *Federico & Co. v. Zurich Gen. Ins. Malay. Berhad*, No. 23-cv-04411 (AS), 2024 WL 1804655, at *2 (S.D.N.Y. Apr. 25, 2024) (quoting *Trs. of N.Y.C. Dist. Council v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 463-64 (S.D.N.Y. 2021)). Such motions will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 383-84 (S.D.N.Y. 2023). Stated another way, such motions are properly granted only where "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, No. 22 Civ. 1778 (ER) (BCM), 2024 WL 1073119, at *4 (S.D.N.Y. Feb. 13, 2024) (citing *Silva*

*v. Hornell Brewing Co*., 2020 WL 8079823, at *2 (E.D.N.Y. Dec. 1, 2020) (quoting *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc*., 2016 WL 6906583, at *6 (S.D.N.Y. Nov. 21, 2016)).

Moreover, an affirmative defense does not need to be pleaded with the same degree of factual detail as a complaint because, unlike a complaint, an answer is not a pleading to which a response is required. *Hylton v. Hasten Beds, Inc*., No. 19-CV-662 (VSB), 2024WL1526153, at *2 (S.D.N.Y. April 9, 2024) (citing *GEOMC Co. v. Calmare Therapeutics Inc*., 918 F.3d 92, 98 (2d Cir. 2019)). Affirmative defenses like those at issue here need only meet the notice requirements of Rule 8. *Federico*, 2024 WL 1804655, at *2. Under Rule 8, affirmative defenses like those at issue here must be simple, concise, and direct in order to provide fair notice of the nature of the defense. *Eunhasu Corp. v. NorGuard Ins. Co*., No. 19 Civ. 7696 (ER), 2020 WL 5513159, at *4 (S.D.N.Y. Sept. 14, 2020).

"The test for striking an affirmative defense is three-pronged: '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.'" *Jujamcyn*, 659 F. Supp. 3d at 383-84 (quoting *Colonial Funding Network v. Epazz, Inc*., 252 F.Supp.3d 274, 288 (S.D.N.Y. 2017)).

**C. Application of Law to the Facts**

Defendants' affirmative defenses easily satisfy the liberal pleading requirements described above, and this Court has denied similar motions under circumstances that are indistinguishable from those presented here. In *Jujamcyn*, for example, this Court denied an insured's Rule 12(f) motion to strike a property insurer's affirmative defenses asserted in response to claims for insurance coverage arising from the COVID-19 pandemic. 659 F. Supp. 3d 372. Although the substance of affirmative defense was not specifically referenced in the Court's opinion, a review

of the insurer's pleadings in that case reveals that the defenses at issue (nos. 11,12,13, 15 and 16), just like those in this case, included terms, exclusions, conditions, and limitations in the policy that limited or barred coverage. [Doc. 20, S.D.N.Y Case 1:20-cv-06781-ALC-JW, at 23-25] The Court denied the motion to strike because the plaintiff offered only conclusory statements that the affirmative defenses were "implausible," failed to otherwise demonstrate that there were no substantial facts or law that would allow the defenses to succeed, and failed to show that plaintiff would be prejudiced by inclusion of the defenses. *Jujamcyn*, 659 F. Supp. 3d at 383-84. The same is true here, as Plaintiff offers only conclusory, unsupported assertions that there is a lack of evidence to support the defenses and that the defenses would somehow prejudice Plaintiff.

Also instructive is this Court's decision in *Eunhasu*, cited above. *Eunhasu* also involved a claim for coverage under a property insurance policy where the Court denied the plaintiff's motion to strike the insurer's affirmative defenses based on the contractual terms of the insurance policy limiting or otherwise affecting the scope of insurance coverage. 2020 WL 5513159, at *1, *4.

In denying the motion under the stringent three-part test, the Court first noted that it should not tamper with the pleadings unless there is a strong reason for doing so and that such a motion "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Id.*, at *2. Once again, just as in this case, the plaintiff in *Eunhasu* asserted that the defenses were insufficient because the defendant allegedly failed to plead specific facts. The Court flatly rejected that assertion, explaining that under Rule 8, the affirmative defenses based on the policy terms provided fair notice of the nature of the defenses by pointing to pertinent contractual limitations set forth by

the insurance policy using clear and direct language. *Id.*, at *4. The Court went on to explain that "[t]hrough discovery to which both parties are entitled, facts may be uncovered that implicate these contractual terms and limit the scope of liability or the amount of damages." *Id.*

The *Eunhasu* Court also held that the plaintiff failed to establish the third prong of the applicable test because asserting the contractual defenses did not prejudice the plaintiff. *Id.* To the contrary, such defenses simply remind the insured of its burden to prove damages pursuant to the terms and conditions of the contract. *Id.* As the Court noted, "[i]t is difficult to see how these defenses will prejudicially expand the scope of discovery when they point to terms of the insurance policy that will likely come into play if and when [the insured] is called to prove damages. *Id.*

Finally, the Court rejected the plaintiff's request for sanctions contained within the motion to strike. As is the case here, the request for sanctions in *Eunhasu* was procedurally defective because it was not filed separately and did not comply with Rule 11's safe harbor provision. *Id.*, at *6. Moreover, the Court denied the request for sanctions on the merits, explaining that the motion to strike "fails on the merits because the affirmative defenses asserted, as discussed above, present non-frivolous disputes that may affect the outcome of this litigation. Thus, it cannot be said that the defenses have 'no chance of success.'" *Id.* The same is true here. In fact, against this background, one might argue that the truly sanctionable pleading was the motion filed by Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff's motion should be denied in its entirety. In the event the Court should determine that any affirmative defense is insufficient, Mt. Hawley respectfully requests leave to replead any such defense to address any deficiencies.

Dated: August 22, 2024

Respectfully submitted,

*/s/ Greg K. Winslett*

Greg K. Winslett (admitted *pro hac vice*)
Richard L. Smith, Jr. (admitted *pro hac vice*)
Quilling Selander Lownds
Winslett & Moser PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rsmith@qslwm.com

Matthew Kraus (MK0621)
**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004
Tel. (212) 968-2300
Fax. (212) 968-2400
mkraus@chartwelllaw.com

**ATTORNEYS FOR DEFENDANTS MT. HAWLEY INSURANCE COMPANY AND RENAISSANCE RE SYNDICATE 1458 LLOYD'S**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Greg K. Winslett*
Greg K. Winslett