UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:24-cv-03975

STANAN, INC.,

        Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY and
RENAISSANCE RE SYNDICATE 1458 LLOYD'S,

        Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

*Plaintiff's motion to strike is **DENIED** for substantially the reasons stated in Defendants' papers, but without prejudice to renewal in the event that their presence or absence in the case affects discovery or any other proceedings. It is the Court's practice not to provide the pleadings to the jury in the event of a trial. The Clerk of Court is respectfully directed to close the motion at Dkt. 24.*

*Dated: September 4, 2024*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Stanan, Inc. ("Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), files this Motion to Strike Defendants, Mt. Hawley Insurance Company ("Mt. Hawley") and Renaissance Re Syndicate 1458 Lloyd's ("Renaissance") (collectively "Defendants"), Affirmative Defenses, and in support thereof states as follows:

**I.    RELEVANT PROCEDURAL HISTORY**.

1. On May 23, 2024, Plaintiff filed their Complaint in this action. *A copy of Plaintiff's Complaint is attached hereto as "**Exhibit 1**"*.

2. On July 24, 2024, Defendants filed its Answer and Affirmative Defenses to Plaintiff's Complaint. *A copy of Defendants' Answer and Affirmative Defenses is attached hereto as "**Exhibit 2**"*.

3. However, Defendants' Affirmative Defenses enumerated below do not comply with the Federal Rules of Civil Procedure, and do not state valid, legal, or legitimate affirmative defenses and/or fail to admit or deny allegations asserted in Plaintiff's Complaint under Federal

and/or New York Law, or, alternatively, are legally insufficient or invalid as affirmative defenses in this matter.

4. Plaintiff hereby requests an Order Striking with prejudice the Affirmative Defenses referenced below and awarding to Plaintiff attorneys fees and reasonable costs in conjunction with bringing all Motions to Strike Defendants' legally insufficient Affirmative Defenses, plus any further attorney's fees incurred in connection with the matter.

II. **APPLICABLE LAW**.

Federal Rule of Civil Procedure 12(f) permits this Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. The standard for striking an affirmative defense is three-pronged: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense. *See De Beers LV Trademark Ltd. v. De Beers Diamond Syndicate Inc.,* No. 04 Civ. 4099, 2005 WL 1164073, at *3 (S.D.N.Y. May 18, 2005) (quoting *SEC v. KPMG,* No. 03 Civ. 671, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003)). When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *SEC v. Toomey*, 866 F.Supp. 719 (S.D.N.Y. 1992) citing *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990). A motion to strike affirmative defenses "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *Simon v. Manufacturers Hanover Trust Co.,* 849 F. Supp. 880 (S.D.N.Y. 1994) citing *United States v. Union Gas Co.,* 743 F.Supp. 1144, 1150 (E.D.Pa. 1990).

### III. **AFFIRMATIVE DEFENSES TO BE STRICKEN AS A MATTER OF LAW**.

**AFFIRMATIVE DEFENSE NOS. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14**:

**RESPONSE**: Plaintiff denies that Defendants' purported Affirmative Defense Nos. Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), and Fourteen (14) are legally sufficient affirmative defenses and demands strict proof thereof. A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and ***may strike such inadequately pleaded defenses***. *Equil IP Holdings LLC v. Akamai Techs., Inc.*, Civil Action No. 22-677-RGA, 2024 U.S. Dist. LEXIS 39006, at *5 (D. Del. Mar. 6, 2024).

For each of the affirmative defenses enumerated above, Defendants provided no evidence, information, or notice that would sufficiently plead these defenses and such lack of evidence and/or facts to support these defenses is extremely prejudicial to Plaintiff by failing to allow them to know what they are defending against in this suit. Furthermore, Defendants' defenses only offer a conclusion. Under federal procedure, conclusory, bare bones statements are insufficient to establish an affirmative defense. Therefore, Defendants' purported Affirmative Defense Nos. Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), and Fourteen (14) fail as a matter of law and should be stricken.

**AFFIRMATIVE DEFENSE NOS. 15, 16, 17, 18, and 19**:

**RESPONSE**: Plaintiff denies that Defendants' purported Affirmative Defense Nos. Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18), and Nineteen (19) are legally sufficient affirmative defenses and demands strict proof thereof. The purported affirmative defenses only reference various endorsements of the subject policy, lack any specificity, evidence, or facts to support the defenses. "An affirmative defense is not a vehicle for describing evidence that may be

3

relevant to requested relief." *Federal Trade Commission v. CELSIUS NETWORK INC.*, No. 23v6009(DLC) (S.D.N.Y. Apr. 12, 2024)

Therefore, Defendants' purported Affirmative Defense Nos. Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18), and Nineteen (19) fail as a matter of law and should be stricken.

**AFFIRMATIVE DEFENSE NOS. 20, 21, 22, and 23**:

**RESPONSE**: Plaintiff denies that Defendants' purported Affirmative Defense Nos. Twenty (20), Twenty-One (21), Twenty-Two (22), and Twenty-Three (23) are legally sufficient affirmative defenses and demands strict proof thereof. A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and ***may strike such inadequately pleaded defenses***. *Equil IP Holdings LLC v. Akamai Techs., Inc.*, Civil Action No. 22-677-RGA, 2024 U.S. Dist. LEXIS 39006, at *5 (D. Del. Mar. 6, 2024).

For each of the affirmative defenses enumerated above, Defendants provided no evidence, information, or notice that would sufficiently plead these defenses and such lack of evidence and/or facts to support these defenses is extremely prejudicial to Plaintiff by failing to allow them to know what they are defending against in this suit. Furthermore, Defendants' defenses only offer a conclusion. Under federal procedure, conclusory, bare bones statements are insufficient to establish an affirmative defense. Therefore, Defendants' purported Affirmative Defense Nos. Twenty (20), Twenty-One (21), Twenty-Two (22), and Twenty-Three (23)) fail as a matter of law and should be stricken.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this Motion and issue an Order Striking Defendants' above-referenced Affirmative Defenses and grant any further relief this Honorable Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document has been furnished to the following via electronic mail to all counsel of record by the cm/ECF System on this day of August 14, 2024 to:

Matthew Kraus, Esq.
Andrew J. Furman, Esq.
Chartwell Law Offices, LLP
One Battery Park Plaza, Suite 710
New York, NY 10004
mkraus@chartwelllaw.com
afurman@chartwelllaw.com
lfridegotto@chartwelllaw.com
lhall@chartwelllaw.com
nangelino@chartwelllaw.com
Counsel for Defendant

Greg K. Winslett, Esq. *Pro Hac Vice*
Richard L. Smith, Esq. *Pro Hac Vice*
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street
Dallas, Texas 75201
gwinslett@qslwm.com
rsmith@qslwm.com
Counsel for Defendant

By: */s/ John A. Tolley*
JOHN A. TOLLEY, ESQ.
New York Reg No. 5788161
Fla. Bar No. 112223
Email: john@jtlawfirm.net
monica@jtlawfirm.net
carolyn@jtlawfirm.net

JT LAW FIRM, P.A.
<u>Counsel for Plaintiff</u>
395 Avenue X, 2nd Floor
Brooklyn, New York 11223
Telephone: (855) 585-2997

5