UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
STANAN INC.,                                  :
                               Plaintiff,     :
                                              :          24 Civ. 3975 (LGS)
 -against-                                    :
                                              :              ORDER
MT. HAWLEY INSURANCE COMPANY et al., :
                               Defendants.    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, an Order dated December 2, 2024, directed Defendants to file a letter by

December 10, 2024, regarding any objections to Plaintiff's assertion of privilege to bar the

production of documents.

        WHEREAS, on December 10, 2024, Defendants filed a letter objecting to Plaintiff's

assertion of privileges to bar the production of certain documents that had been subpoenaed from

non-parties Hotel Development and Management Group, LLC's ("HDG"), Plaintiff's third-party

property manager, and Baldwin Group Southwest Inc.'s ("Baldwin"), Plaintiff's insurance

broker.

        WHEREAS, an Order dated December 11, 2024, directed Defendants to file a letter

selecting for in camera review ten representative documents for which Plaintiff asserts privilege

and to which Defendant object.   The Order further directed Plaintiff to file a response to that

letter and, with respect to each of the ten documents, explain the basis for or withdraw the

assertion of privilege.

        WHEREAS, on December 13, 2024, Defendants filed a letter selecting ten documents

from what it called "the Baldwin log" and "the HDG log" for in camera inspection.  On

December 18, 2024, Plaintiff filed a response in which it withdrew its assertion of privilege as to

five documents selected by Defendants.  Plaintiff maintained that the remaining five documents are protected by the attorney-client privilege or the work product doctrine.  These five documents consist of email communications between Plaintiff and HDG or Baldwin, some of which also included Plaintiff's attorneys.

WHEREAS, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Just. at New York Univ. Sch. of L. v. U.S. Dep't of Just.*, 697 F.3d 184, 207 (2d Cir. 2012) *accord Dorce v. City of New York*, No. 19 Civ. 2216, 2024 WL 139546, at *4 (S.D.N.Y. Jan. 12, 2024).  "The party invoking the attorney-client privilege bears the burden of demonstrating that the privilege applies." *Dorce*, 2024 WL 139546, at *4.  "Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege."  *Id.*

WHEREAS, "[g]enerally, communications between an attorney and a client that are made in the presence of or subsequently disclosed to third parties are not protected by the attorney-client privilege." *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 620, 57 N.E.3d 30, 32 (2016); *accord Spencer-Smith v. Ehrlich*, No. 23 Civ. 2652, 2024 WL 4416581, at *3 (S.D.N.Y. Oct. 4, 2024) (applying New York law).  However, "the privilege may be maintained where the third party's presence is necessary to enable the attorney-client communication—for example, when the third party is an interpreter or agent of the attorney." *Spencer-Smith*, 2024 WL 4416581, at *3.  Some Second Circuit district courts have also found that attorney-client privilege extends to third-party agents where the third party "is nominally not an employee—typically a consultant or a contractor to the entity holding the privilege—but who is 'functionally equivalent' to an employee." *See, e.g., Sec. & Exch. Comm'n v. Rayat*, No. 21

2

Civ. 4777, 2023 WL 4420325, at *3 (S.D.N.Y. July 10, 2023).  "[T]he Second Circuit has yet to address" the functionally equivalent exception.  *In re Restasis Antitrust Litig.*, 352 F. Supp. 3d 207, 213 (E.D.N.Y. 2019).

WHEREAS, Plaintiff has failed to make a factual showing to support a finding that the attorney-client privilege or one of its exceptions applies.  Plaintiff provided only bare bones assertions that Baldwin and HDG served as their agents and representatives and failed to provide evidence or even argument that sufficiently show that those third parties were "necessary to enable the attorney-client communication" or were "functionally equivalent" to one of Plaintiff's employees.  *See Spencer-Smith*, 2024 WL 4416581, at *3; *Sec. & Exch. Comm'n v. Rayat*, 2023 WL 4420325, at *3.

WHEREAS, "[w]hile state law generally provides the rules of decision for questions of privilege in diversity actions, federal law governs the applicability of the work product doctrine in all actions in federal court."  *Spencer-Smith*, 2024 WL 4416581, at *3.  Under Federal Rule of Civil Procedure 26(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  "[C]ommunications from non-parties to counsel for parties in a lawsuit generally do not qualify as attorney work product."  *Lakehal-Ayat v. St. John Fisher Coll.*, No. 18 Civ. 6916, 2022 WL 17687822, at *6 (W.D.N.Y. Dec. 15, 2022).

WHEREAS, to the extent Plaintiff invokes the work product doctrine, Plaintiff has failed to make a factual showing to support a finding that the doctrine applies to the third-party communications at issue between Baldwin, HDG and Plaintiff's counsel, and failed to assert the work product doctrine on its privilege log as the basis for withholding documents as required by Rule 26(a)(5)(A).   It is hereby

**ORDERED** that, by **February 4, 2025**, Plaintiff and all third parties shall produce all documents previously withheld based on the attorney-client privilege, the work product doctrine or any other privilege or protection that reflect communications between Plaintiff and non-attorney third parties, including HDG and Baldwin.  It is further

**ORDERED** that, by **February 5, 2025**, Plaintiff shall serve Defendant with revised privilege logs to reflect documents from its own or any third-party production that continue to be withheld based on Plaintiff's claim of privilege.  Plaintiff shall ensure that each entry is accurate and that each email in a thread is accurately logged, whether individually or collectively (as the prior log was not entirely complete and accurate as to the five documents that the Court reviewed in camera).  It is further

**ORDERED** that, by **February 7, 2025**, Defendants shall file a letter stating any further objections to documents withheld as reflected on the revised privilege logs, or state that they have no further objections.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 65.

Dated: January 30, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4