```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
STANAN, INC.,                                 :
                                              :
                          Plaintiff,          :    24 Civ. 3975 (LGS)
                                              :
              -against-                       :    ORDER
                                              :
MT. HAWLEY INSURANCE COMPANY,                 :
  et al.,                                     :
                          Defendants.         :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Order dated January 30, 2025, granted Defendants' letter motion for discovery and directed Plaintiff and all third parties to produce all documents previously withheld based on the attorney-client privilege, work product doctrine or any other privilege or protection that reflect communications between Plaintiff and non-attorney third parties, including non-parties Hotel Development and Management Group, LLC ("HDG") and Baldwin Group Southwest Inc. ("Baldwin"). The Order held that Plaintiff failed to make *an evidentiary showing* to support a finding that HDG acted as Plaintiff's agent for purposes of the attorney-client privilege or the work product doctrine.

WHEREAS, on February 4, 2025, Plaintiff timely filed a motion for reconsideration of that January 30, 2025, Order.

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155,

170 (2d Cir. 2021).[1]  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id.*  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2.  It is hereby

**ORDERED** that the motion for reconsideration is held in abeyance pending the following:

**ORDERED** that, by **February 10, 2025,** Plaintiff may submit evidence to support a finding that certain representatives at HDG, such as Billy Gilchrist, served as Plaintiff's agent for purposes of invoking the attorney-client privilege, work product doctrine or any other privilege or protection.  Evidence consists of sworn statements of witnesses with first-hand knowledge of the facts, and documents accompanied by sworn statements attesting to their authenticity.  For example, such evidence could include an affidavit or declaration of Billy Gilchrist detailing the nature and history of his work and relationships as they relate to the relevant agency inquiry.  It

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

is further

**ORDERED** that, by **February 17, 2025**, Defendants may respond to any submission by Plaintiff with argument or evidence (such as prior deposition testimony or documents produced in discovery) and may request to cross-examine any affiant or declarant explaining the need to do so.

**ORDERED** that Plaintiff's February 5, 2025, deadline to provide Defendants with revised privilege logs and Defendants' February 7, 2025, deadline to file a letter regarding objections to those revised privilege logs are **ADJOURNED sine die** pending the resolution of the issues raised in Plaintiff's February 10, 2025, letter.

Dated: February 5, 2025
       New York, New York

                                                      **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**