**Neal C. Townsend, Esquire**
Alabama, Mississippi, Texas, Arizona
Neal@townsendlawoffice.com
251-391-9311

**Andrew G. York, Esquire**
Alabama and Florida
Andrew@townsendlawoffice.com
770-856-6403

**Katrina Koch, Assistant**
Katrina@townsendlawoffice.com

**Townsend Law, LLC**
P.O. Box 2128
Fairhope, Alabama 36533
www.townsendlawoffice.com



February 10, 2025

**Via ECF and Email Schofield_NYSDChambers@nysd.uscourts.gov**
The Honorable U.S. District Judge Lorna G. Schofield
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Stanan, Inc. v. Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyds and Underwriters at Lloyds London*, No. 1:24-cv-03975

**Redacted Letter Regarding the Plaintiff's Motion to Reconsider**

Dear Judge Schofield:

  We hope this letter finds you well. Pursuant to this Honorable Court's Order dated February 5, 2025 (Doc. 81), and in support of Plaintiff's Motion to Reconsider (Doc. 78), Plaintiff is filing two affidavits, one from Billy Gilchrist ("Gilchrist") a representative of HDG Hotels, LLC ("HDG"), and another from Robert Niziolek, an owner and manager of Stanan Inc. ("Plaintiff").

  These two affidavits describe the relationship between HDG, Gilchrist, Plaintiff and Townsend Law, LLC. Specifically, the affidavits evidence that HDG and Gilchrist, as representatives of Plaintiff and consultants for the insurance claim, were "functionally equivalent" to an employee. *Sec. & Exch. Comm'n v. Rayat*, 2023 WL 4420325 at 3 (S.D.N.Y. July 10, 2023). In *Sec. & Exch. Comm'n v. Rayat*, the Court noted that although the Second Circuit has not explicitly adopted the "functionally equivalent" exception, there has been "several district courts within this Circuit have recognized the existence of a 'narrowly' 'construed' exception to the notion that the attorney-client privilege is limited to communications between corporate employees and corporate counsel. They have extended the privilege to communications involving a person who is nominally not an employee—typically a consultant or a contractor to the entity holding the privilege—but who is 'functionally equivalent' to an employee." *Id*.

  In the decisions that upheld the exception within this Circuit, the third party "was entrusted with authority to make decisions on behalf of the corporation, was essentially incorporated into the corporation's staff, and had the most direct information necessary for the corporation's counsel



to provide advice to prevent the individual's actions from creating liability on behalf of the corporation." *Id* at 6.

In *Sec. & Exch. Comm'n v. Rayat*, the court analyzed several cases to identify the key factors other courts have considered when determining whether certain communications are privileged when third parties are involved. One such, case, *American Manufacturers Mutual Insurance Company v Payton Lane Nursing Home, Inc.*, 2008 WL 5231831 (E.D.N.Y. Dec. 11, 2008), upheld the assertion of privilege regarding communications between the plaintiff, their counsel and an independent contractor. In *American* the court upheld the privilege assertion because "(1) communications between plaintiffs and their counsel were shared with an independent contractor which was hired as plaintiffs' agent and their "eyes and ears" on the construction project at issue in the litigation; (2) the involvement of the third-party was "necessary and indispensable" because plaintiffs had "no on-site presence and no in-house construction expertise"; (3) the firm had the authority to make decisions related to the construction project on plaintiffs' behalf; (4) its involvement on plaintiffs' behalf in the negotiation of various contracts had clear legal ramifications for plaintiffs and required consultation with counsel on plaintiffs' behalf; and (5) the firm likely possessed information which was not possessed by anyone else employed by plaintiffs." *Id.*; *see also In re Adelphia Comm'ns Corp.*, 2007 WL 601452, at *8–9 (S.D.N.Y. Feb. 20, 2007) (independent contractor who had substantial responsibility for the corporation's relations with another company, was given authority to make decisions and to speak on behalf of corporation, and whose job duties included seeking legal advice from corporation's counsel was the functional equivalent of a corporate employee).

Like the independent contractor in *American*, Gilchrist and HDG maintain a sufficiently close relationship with the Plaintiff to qualify under this exception and uphold the privilege assertion. Retained by the Plaintiff, Gilchrist and HDG were tasked with managing and overseeing the insurance claim central to this lawsuit. Acting as the Plaintiff's agent and representative, they were responsible for communicating with the Defendant - effectively serving as the Plaintiff's "eyes and ears" - and were indispensable due to their greater experience in handling the day-to-day activities of the insurance claim, most of which did not involve Stanan's owners directly. Moreover, their involvement in communications between the Plaintiff and Townsend Law, LLC, was essential, as they possessed critical knowledge and information that was not available to Stanan due to Gilchrist and HDG's direct role in the insurance claim process. Lastly, and perhaps most importantly, Gilchrist and HDG were expressly authorized to make decisions and enter into contracts on the Plaintiff's behalf.

For the reasons set forth in the Motion to Reconsider (Doc. 78), as well as the factual statements contained within the two affidavits attached, Plaintiff respectfully requests the Court to perform an *in-camera* review of additional communications between Plaintiff, Plaintiff's counsel, and HDG Hotels, LLC ("HDG") attached to the Motion as **Exhibit A**, reconsider its ruling on their production, and deem these communications as privileged. These communications were not reviewed before the Court's previous Order (Doc. 77), and a proper review of these communications would clearly establish that their communications are privileged and should be withheld from production to prevent manifest injustice.



**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 10, 2025, via e-filing portal.

                    */s/ Andrew G. York*
                    Andrew York, Esquire
                    Neal C. Townsend, Esquire
                    **TOWNSEND LAW, LLC**
                    P.O. Box 2128
                    Fairhope, Alabama 36533
                    251-391-9311
                    Email: Neal@townsendlawofice.com
                    Email: Andrew@townsendlawoffice.com
                    *Attorneys for Plaintiff*

